# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| **ARIANA SKURASKIS, RENEE ROGERS, and NOAH ROGERS,** on behalf of themselves and all others similarly situated, | Case No. 0:23-cv-60830-AHS |
| Plaintiffs, | |
| v. | |
| **SANTA CLARA FAMILY HEALTH PLAN and NATIONSBENEFITS HOLDINGS, LLC,** | |
| Defendants. | |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Plaintiffs Ariana Skuraskis, Renee Rogers and Noah Rogers ("Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully move, unopposed, for consolidation of the Related Cases (defined below) for both pre-trial and trial purposes pursuant to Federal Rule of Civil Procedure 42(a). For the reasons set forth below, Plaintiffs' Unopposed Motion to Consolidate Cases should be granted.

## I. INTRODUCTION

Plaintiffs filed their complaint on May 4, 2023 seeking to hold Defendants Santa Clara Family Health Plan and NationsBenefits Holdings, LLC (together with NationsBenefits, LLC, "NationsBenefits") (NationsBenefits and Santa Clara Family Health Plan, together, "Defendants") liable for their alleged disclosure of highly sensitive personal identifiable information ("PII") and Protected Health Information ("PHI") belonging to them and more than 3 million individuals in a data breach (the "Data Breach"). Multiple class action lawsuits were subsequently filed against NationsBenefits and other Defendants in the United States District Courts for the Southern District of Florida (the "Related Actions" or "Related Cases").[1] Each lawsuit arises from precisely the same Data Breach, arises out of the same operative facts, and asserts substantially identical (if not

---

[1] Four actions relating to the Data Breach pend outside of this District and are not included in the Related Cases that Plaintiffs seek to consolidate at this time because they are outside the reach of Rule 42(a): *A.S. v. Anthem Insurance Companies, Inc., et al.*, S.D. Ind., Case No. 1:23-cv-00693-TWP-MG (filed April 21, 2023); *T.E. v. Aetna International, LLC, et al.*, W.D.N.C., Case No. 3:23-cv-00303 (filed May 20, 2023); *S.W. v. Aetna International, LLC, et al.*, W.D. Mo., Case No. 4:23-cv-00351-JAM (filed May 23, 2023); and *A.T. v. Aetna International, LLC, et al.*, D. Kan., Case No. 6:23-cv-01112-KHV-GEB (filed June 1, 2023).

identical) claims on behalf of overlapping putative classes, thus making consolidation appropriate.

## II. COMPLAINT ALLEGATIONS AND PROCEDURAL BACKGROUND

### A. The Parties.

NationsBenefits is a technology and telehealth services company providing supplemental benefits administration services to several employer and other entities' health plans. Class Action Complaint ("Skurauskis Compl."), ¶¶ 2-3, 29-32 ECF No. 1. Plaintiffs allege that Defendants collected and inadequately maintained the PII and PHI of Plaintiffs and Class Members. Skurauskis Compl., ¶ 1. Plaintiffs allege that Plaintiffs and Class Members are members of Santa Clara Family Health Plan who used NationsBenefits for delivering health services prior to the Data Breach and received NationsBenefits' Notice of Data Breach, dated May 4, 2023, on or about that date. Skurauskis Compl., ¶¶ 87, 97.

### B. Procedural History and Related Cases.

Numerous lawsuits were filed in this District in the weeks after NationsBenefits reported the Data Breach—*i.e.*, the Related Actions. Each one focuses on the same factual predicate – the Data Breach – and asserts substantially identical (if not identical) claims on behalf of overlapping putative classes as set forth below:

   1. On May 4, 2023, Plaintiffs Ariana Skurauskis, Renee Rogers, and Noah Rogers filed a putative class action lawsuit against Santa Clara Family Health Plan and NationsBenefits[2] (Case No. 0:23-cv-60830). Plaintiffs assert claims for: (i) negligence; (ii) breach of contract; negligence *per se*; (iii) breach of implied contract; (iv) California Confidentiality of Medical Information Act; (v) California Unfair Competition Law; (vi) unjust enrichment/quasi

---

[2] This action names NationsBenefits, LLC's holding company NationsBenefits Holdings, LLC.

contract; (vii) breach of confidence; and (viii) injunctive/declaratory relief.

2. On May 5, 2023, Plaintiff Anthony Skuya filed a putative class action lawsuit against NationsBenefits (Case No. 0:23-cv-60846). Plaintiff asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) unjust enrichment; and (iv) breach of implied contract.

3. On May 10, 2023, Plaintiff Michael Sezawich filed a putative class action lawsuit against NationsBenefits (Case No. 0:23-cv-60877). Plaintiff asserts claims for: (i) negligence; (ii) negligence *per se*; and (iii) declaratory judgment.

4. On May 11, 2023, Plaintiff Teresa Hassan filed a putative class action lawsuit against NationsBenefits[3] (Case No. 0:23-cv-60885). Plaintiff asserts claims for: (i) negligence; (ii) negligence *per se*; (iii); breach of implied contract; (iv) and Florida Deceptive and Unfair Trade Practices Act.

5. On May 12, 2023, Plaintiffs Roderick Veazey, Tracey Bussell, Denise Emery, Brenda Gilpatrick, William Henry, Roger Jackson, Pamela Lazaroff, Kevin McCoy, and Kevin Stone filed a putative class action lawsuit against NationsBenefits (Case No. 0:23-cv-60891). Plaintiffs assert claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) unjust enrichment; (v) breach of confidence; (vi) invasion of privacy – intrusion upon seclusion; (vii) Arkansas Deceptive Trade Practices Act; (viii) Connecticut Unfair Trade Practices Act; (ix) Florida Deceptive And Unfair Trade Practices Act; (x) Georgia Fair Business Practices Act; (xi) Georgia Uniform Deceptive Practices Act; (xii) Illinois Uniform Deceptive Trade Practices Act; (xiii) Texas Deceptive Trade Practices—Consumer Protection Act; (xiv) Washington Data Breach Notice Act; (xv) Washington Consumer Protection Act; and (xvi) declaratory and injunctive relief.

6. On May 18, 2023, Plaintiff Lenore Caliendo filed a putative class action lawsuit against NationsBenefits and Aetna Inc. (Case No. 0:23-cv-60927). Plaintiff asserts claims for: (i) negligence; (ii) breach of fiduciary duty; (iii) breach of implied contract; (iv) Illinois Uniform Deceptive Trade Practices Act. 815 ILL. COMP. STAT. 505/1, *et seq.*; and (v) unjust enrichment.

7. On May 22, 2023, Plaintiff Wanda Wilson filed a putative class action lawsuit against NationsBenefits (Case No. 0:23-cv-60949). Plaintiff asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) unjust enrichment; (v) breach of confidence; (vi) invasion of

---

[3] *See supra* note 2.

privacy; and (vii) injunctive/declaratory judgment.

8. On May 22, 2023, Plaintiff Edward Wilczynski filed a putative class action lawsuit against NationsBenefits, NationsBenefits Holdings, LLC, and Aetna Inc. (Case No. 0:23-cv-60950). Plaintiff asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) unjust enrichment; (iv) declaratory judgment; and (v) New Jersey Consumer Fraud Act N.J.S.A. § 56:8-1, *et seq*.

9. On May 22, 2023, Plaintiff Jessica Guerrero filed a putative class action lawsuit against NationsBenefits (Case No. 0:23-cv-60951). Plaintiff asserts claims for: (i) negligence; (ii) breach of implied contract; (iii) breach of the implied covenant of good faith and fair dealing; and (iv) unjust enrichment.

10. On May 24, 2023, Plaintiffs Beverly Banks, Randall Lynn Carter, James Craig, Barbara Kosbab, Lawrence Kosbab, Stephen Lazaroff, Roberta Platt, Richard Xaver, Cynthia Whites, Nicholas Venezia, and Valarie Venezia filed a putative class action lawsuit against NationsBenefits (Case No. 0:23-cv-60976). Plaintiffs assert claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) unjust enrichment; (v) breach of confidence; (vi) invasion of privacy – intrusion upon seclusion; (vii) Arkansas Deceptive Trade Practices Act, A.C.A. §§ 4-88-101, *et seq*.; (viii) Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1, e*t seq*.; (ix) Protection Of Consumer Information, Kan. Stat. Ann. §§ 50-7a02(a), *et seq*.; (x) Kansas Consumer Protection Act, K.S.A. §§ 50-623, *et seq*.; (xi) N.Y. Gen. Bus. Law § 394, *et seq*.; (xii) Massachusetts Consumer Protection Act, Mass. Gen. Laws Ann. Ch. 93A, §§ 1, *et seq*.; (xiii) Michigan Identity Theft Protection Act, Mich. Comp. Laws Ann. §§ 445.72, *et seq*.; (xiv) Michigan Consumer Protection Act, Mich. Comp. Laws Ann. §§ 445.903, *et seq*.; (xv) Ohio Consumer Sales Practices Act, Ohio Rev. Code §§ 1345.01, *et seq*.; (xvi) Ohio Deceptive Trade Practices Act, Ohio Rev. Code §§ 4165.01, *et seq*.; (xvii) Oklahoma Consumer Protection Act, Okla. Stat. Tit. 15, §§ 751, *et seq*.; (xviii) Pennsylvania Unfair Trade Practices And Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201-2 & 201-3, *et seq*.; (xix) declaratory and injunctive relief.

11. On May 30, 2023, Plaintiffs Leroy Fuss and Sadie Brooks filed a putative class action lawsuit against NationsBenefits (Case No. 0:23-cv-61014). Plaintiffs assert claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of the implied covenant of good faith and fair dealing; (iv) breach of duty; and (v) breach of implied contract.

12. On June 7, 2023, Plaintiff Kimberley Dekenipp filed a putative class action lawsuit against NationsBenefits and Fortra, LLC (Case No. 0:23-cv-61089).

       Plaintiff asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) declaratory judgment; (iv) breach of implied contract; (v) unjust enrichment; (vi) Florida Deceptive and Unfair Trade Practices Act; and (vii) Texas Deceptive Trade Practices—Consumer Protection Act.

13.    On June 9, 2023, Plaintiff Eileen Clancy filed a putative class action lawsuit against NationsBenefits and Aetna Inc. (Case No. 0:23-cv-61107). Plaintiff asserts claims for: (i) breach of fiduciary duty; (ii) negligence; (iii) breach of implied contract; (iv) unjust enrichment; and (v) invasion of privacy.

14.    On June 13, 2023, Plaintiff Michael Wasner filed a putative class action lawsuit against NationsBenefits (Case No. 0:23-cv-61141). Plaintiff asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of the implied covenant of good faith and fair dealing; (iv) breach of duty; and (v) breach of implied contract.

A chart of all the Related Actions on file, along with contact information for the attorneys on those cases is attached here as Exhibit A.

### C. Consolidation.

The Related Actions before this Court are nearly identical; thus, consolidation is appropriate. Each lawsuit arises from the same common set of alleged operative facts: the Data Breach. Due to each plaintiff's reliance on the same set of alleged operative facts, all plaintiffs assert overlapping claims, on behalf of similarly defined classes, seeking similar relief. The Related Actions, the parties thereto, and the Court will be best served in a consolidated proceeding.

## III. THE ACTIONS SHOULD BE CONSOLIDATED BEFORE THIS COURT

### A. Legal Authority.

Federal Rule of Civil Procedure 42 provides that if actions before the Court "involve a common question of law *or* fact" the Court may "consolidate the actions." Fed. R. Civ. P. 42 (a)(2) (emphasis added); *Kavra v. Health Ins. Innovations, Inc.*, No. 8:17-CV-2186-

T-17MAP, 2017 WL 10295953, at *1 (M.D. Fla. Dec. 28, 2017). "The district court's decision under Rule 42(a) is purely discretionary." *Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-CV-210-FTM-99MRM, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). However, before making a decision, the district court "must take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.*; *see also Burrow v. Forjas Taurus S.A.*, No. 16-CIV-21606, 2018 WL 809439, at *2 (S.D. Fla. Feb. 9, 2018) (citing *Hendrix*, 776 F.2d at 1495).

### B. Argument and Authorities.

#### 1. The Related Actions Allege Common Factual and Legal Questions.

Even a cursory review shows that each Related Action alleges virtually identical facts and legal questions, all arising from on one factual event – the Data Breach – which plaintiffs in each action allege was a result of NationsBenefits' failures to protect Plaintiffs' and Class Members' PHI and PII. Each action alleges the same factual contentions, *i.e.*, (i) NationsBenefits knowingly violated its obligations to abide by best practices and industry standards in protecting it customers' PII and PHI; (ii) these failures enabled an unauthorized third party to intercept, access, and acquire the PII NationsBenefits collected and maintained, putting Class Members' PII at a serious and ongoing risk; and (iii)

NationsBenefits failed to disclose the full extent of the Data Breach and notify the affected persons in a timely manner. These factual allegations are the gravamen of each of the filed actions, thus the Related Actions allege numerous common questions of fact. Additionally, the legal claims asserted by each plaintiff are substantially similar. These claims are asserted on a class-wide basis, on behalf of similarly defined classes, and with at least one Defendant in common (NationsBenefits). As such, common questions of law pervade these cases.

Accordingly, because the Related Actions arise from the same set of facts (the Data Breach), are pled as putative class actions with putative class action allegations under Federal Rule of Civil Procedure 23, have at least one defendant in common (NationsBenefits), and assert at least one similar legal claim (negligence), consolidation is appropriate under Federal Rule of Civil Procedure 42(a). *See Kaplan*, 2016 WL 9383330, at *2 (court consolidated data breach cases where: (i) "common questions of law and fact permeate[d] the[] cases"; (ii) all of the cases arose from the same alleged data breach; (iii) all of the cases were class actions with class allegations; (iv) all of the cases shared at least one similar substantive claim – negligence; and (v) the cases were filed against a common defendant.); *see also McDonald v. PaperlessPay Corp.*, No. 3:20-CV-1005-MMH-MCR, 2021 WL 931599, at *3 (M.D. Fla. Mar. 11, 2021) (court ordered consolidation of data breach cases because even though there were "slight distinctions in proposed class definitions and specific causes of action" the cases concerned the same data breach, which resulted in generally the same type of harm, to the same broad category of putative class members); *Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565-ELR, 2022 WL

7

3702117, at *2 (N.D. Ga. May 12, 2022) (court ordered consolidation where all of the cases stemmed from the same data breach and thus involved common questions of law and fact); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) (consolidation of class actions was appropriate where the complaints presented virtually identical claims for relief based upon a single course of conduct).

### 2. The *Hendrix* Factors Support Consolidation.

Applying the relevant factors from *Hendrix* further supports the consolidation of the Related Actions.

#### i. Factor 1: The Cases Face the Risk of Inconsistent Adjudications.

"[T]here is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately." *Kaplan*, 2016 WL 9383330, at *2. Each of the Related Actions is pleaded as a putative class action and alleges negligence and negligence *per se*, and some of the cases share other substantive claims such as unjust enrichment, breach of implied contract, and declaratory relief. Additionally, each lawsuit seeks certification of similar classes. Absent consolidation, it is possible multiple overlapping classes could be certified. The potential risk of prejudice and possible confusion is far outweighed by the risk of inconsistent adjudications. *Id.*

Moreover, all of the cases before this Court have the same procedural posture (complaint filed, Defendants have yet to respond) and are on similar courses of development. "Thus, this is not a case where consolidation will result in the delay of an

otherwise trial-ready action." *McDonald*, 2021 WL 931599, at *4. Plaintiffs and Defendants will experience very little prejudice, if any, by consolidating these cases.

Therefore, this factor militates in favor of consolidation. *See id.* at *3 (consolidation appropriate where the plaintiff sought to represent an overlapping class consisting of persons impacted by the data breach; thus, if not consolidated, each of the cases would likely present largely duplicative requests for class certification raising common legal issues on whether certification is appropriate and the proper definition of any such class); *Newman*, 209 F.R.D. at 502 (consolidation appropriate where it would promote judicial economy by streamlining and simplifying pre-trial discovery and class certification issues, and by reducing waste, confusion, and delay that would result from multiple trials.).

### ii. Factor 2: The Burden Posed by Multiple Lawsuits is Substantial.

Next, the burden on the parties, the witnesses, and judicial resources will be substantially lessened by consolidation.

Here, no plaintiff opposes consolidation, which augurs in favor of consolidation. *See Kavra*, 2017 WL 10295953, at *1 ("Here the absence of any objection to motion to consolidate augurs in favor of consolidation."); *Bedont*, 2022 WL 3702117, at *2. Consolidation will allow plaintiffs to jointly prosecute the case, share discovery documents, and avoid the possibility of the Court certifying overlapping classes. The burden of maintaining numerous, separate lawsuits will be lessened by consolidation.

Defendants also do not oppose consolidation (except to the extent set forth in the annexed Certificate), are each represented by the same counsel in each case, and likely will

be subject to duplicative discovery requests, depositions, motions, trial preparation, and hearings if the cases are not consolidated. By consolidating the cases, Defendants will be able to conserve time and resources.

Lastly, judicial resources will be conserved by presiding over one consolidated case rather than numerous separate cases because this will reduce the number of motions, briefings, hearings, and trials before the Court.

Accordingly, the second *Hendrix* factor also weighs in favor of consolidation. *See Kaplan*, 2016 WL 9383330, at *2; *see also Fifth Third Bank v. MHA 8680 LLC*, No. 8:14-CV-139-T-36TGW, 2014 WL 12697205, at *1 (M.D. Fla. July 28, 2014) (pre-trial consolidation ordered where discovery in the cases would overlap and it would conserve resources); *Gabbard v. Elec. Ins. Co.*, No. 8:22-CV-384-TPB-AAS, 2022 WL 2111503, at *1 (M.D. Fla. May 4, 2022 ("It would appear to be an exceedingly inefficient use of judicial and party resources to allow essentially the same dispute to be litigated concurrently in three separate lawsuits in the same Court before the same judge."); *Burrow*, 2018 WL 809439, at *7 ("Consolidation allows the parties to coordinate depositions, share documents, and determine the character of any proposed class that Plaintiff seek to certify.").

### iii. Factor 3: Litigating Separate Actions Would Require More Time than Litigating a Consolidated Action.

Litigating numerous separate causes of actions versus one consolidated action would take substantially more time for the Court and the Parties. Thus, "the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be

10

significantly lessened and, therefore, weighs in favor of consolidation." *Kaplan*, 2016 WL 9383330, at *2.

### iv.     *Factor 4: The Expense of Multiple Trials Supports Consolidation.*

"Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in [six] separate cases." *Id.* Thus, this factor also supports consolidation.

## IV.    CONCLUSION

For the reasons set forth above, consolidation is appropriate. Accordingly, Plaintiffs respectfully request that this Court consolidate the Related Actions for all purposes, pursuant to Federal Rule of Civil Procedure 42(a). Plaintiffs also request that this Court issue an order directing leadership applications to be filed, pursuant to Rule 23(g)(3), within 20 days of an order consolidating the above-captioned cases.

Dated: June 23, 2023                                    Respectfully Submitted,

                                                        */s/ Jessica Wallace*

                                                        **SIRI & GLIMSTAD LLP**
                                                        Jessica Wallace (Bar No. 1008325)
                                                        20200 West Dixie Highway, Suite 902
                                                        Aventura, FL 33180
                                                        T: (786) 244-5660
                                                        E: jwallace@sirillp.com

                                                        Mason A. Barney (*pro hac vice* to be filed)
                                                        Tyler J. Bean (*pro hac vice* to be filed)
                                                        745 Fifth Avenue, Suite 500
                                                        New York, New York 10151
                                                        Tel: (212) 532-1091
                                                        E: mbarney@sirillp.com

E: tbean@sirillp.com

*Counsel for Plaintiffs Ariana Skuraskis, Renee Rogers and Noah Rogers along with the Proposed Class*

## CERTIFICATE OF GOOD FAITH CONFERENCE
## PURSUANT TO LOCAL RULE 7.1(a)(3)

The undersigned hereby certifies that prior to filing this motion the undersigned conferred with all parties and non-parties who may be affected by the relief sought in the motion in good faith. Specifically, the undersigned conferred with counsel for all Plaintiffs in the Related Actions (as defined in this motion) and Plaintiffs do not oppose the relief sought in the instant motion.

The undersigned also conferred with counsel for NationsBenefits via email on June 21, 2023 and, while NationsBenefits does not oppose the relief sought in the instant motion, NationsBenefits does not concede any of the factual allegations set forth in the Complaint, and reserves the right to oppose these factual allegations at the appropriate time.

Counsel for NationsBenefits conferred with counsel for Santa Clara Family Health Plan via email on June 21, 2023 and Santa Clara Family Health Plan does not oppose the relief sought in the instant motion.

Counsel for NationsBenefits conferred with counsel for Aetna Inc. via email on June 21, 2023. Aetna Inc. does not oppose consolidation of all actions asserted against NationsBenefits. However, Aetna Inc. opposes consolidation of all actions against Aetna, Inc. and all related entities, and takes the position that all actions against Aetna Inc. and all related entities should be dismissed and/or transferred in favor of the first filed action pending in Connecticut, *Rougeau v. Aetna Inc.*, Case No. 3:23-cv-00635 (D. Ct.). In not opposing the relief sought in the instant motion, Aetna Inc. does not concede any of the factual allegations set forth in the Complaint, and reserves the right to oppose these factual

allegations at the appropriate time.  Further, by meeting and conferring, Aetna Inc. does not waive any defenses that may be available to it, including the defense of personal jurisdiction.

Counsel for NationsBenefits conferred with counsel for Fortra, LLC via email on June 21, 2023 and while Fortra does not oppose the relief sought in the instant motion, Fortra does not concede any of the factual allegations set forth in the Complaint, and reserves the right to oppose these factual allegations at the appropriate time.  Further, by meeting and conferring, Fortra does not waive any defenses that may be available to it, including the defense of personal jurisdiction.

*/s/ Jessica Wallace*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 23, 2023, the foregoing was filed electronically with the Clerk of Court using the CM/ECF System and was thereby served on all counsel of record.

*/s/ Jessica Wallace*