**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 23-CV-60830-RAR (consolidated)**

**ARIANA SKURASKIS**, *et al.*, *on behalf of*
*themselves and all others similarly situated*,

        Plaintiffs,

  v.

**NATIONSBENEFITS HOLDINGS, LLC**, *et al.*,

        Defendants

_____/

**DEFENDANTS' MOTION TO STAY**
**DISCOVERY PENDING RULING ON MOTION TO DISMISS**
**PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants NATIONSBENEFITS, LLC and NATIONSBENEFITS HOLDINGS, LLC (collectively, "NationsBenefits" or "Defendants") respectfully move this Court to stay all discovery in this action pending the Court's ruling on Defendants' Motion to Dismiss the Consolidated Class Action Complaint ("Complaint") ("Motion"). For the reasons set forth herein, Defendants' motion should be granted.

**PRELIMINARY STATEMENT:**

Defendants have file their Motion seeking dismissal of the Complaint for lack of Article III standing and failure to state a single plausible claim for relief. The Motion presents threshold questions as to whether this Court even has subject matter jurisdiction over Plaintiffs' claims and, if so, whether these claims can proceed past the motion to dismiss stage. Eleventh Circuit and this Honorable Court's precedent mandate a stay of discovery pending a resolution on the Motion.

As noted in the Motion, this action concerns a data security incident perpetrated against Fortra, LLC ("Fortra"), a vendor of NationsBenefits (the "Incident"). While admitting that the

-1-

Incident impacted Fortra's systems, Plaintiffs simultaneously allege that this action and the allegations against NationsBenefits arise from NationsBenefits' alleged failure to secure their personal identifiable information ("PII") and protected health information ("PHI") (collectively, "Private Information"). Plaintiffs allege that NationsBenefits' failures caused the Incident, which resulted in their Private Information being stolen and causing them to suffer injuries largely stemming from the future possibility of identity or medical theft.

However, as set forth more fully in the Motion and briefly herein, it is clear that Plaintiffs' allegations are insufficient, and the Complaint must be dismissed for lack of standing and failure to state a claim. Plaintiffs fail to plausibly allege a future risk of identity theft or financial harm as a result of the Incident as they do not allege that the risk is "substantial" or "certainly impending." *In re Mednax Services, Inc., Customer Data Security Breach Litig.*, 603 F.Supp.3d 1183, 1201 (S.D. Fla. 2022) (quoting *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1339 (11th Cir. 2021)) (internal quotations omitted). And those Plaintiffs who purport to allege actual misuse fail to establish that any such misuse is fairly traceable to the Incident or any alleged conduct of NationsBenefits. Moreover, even if Plaintiffs had standing to bring suit against Defendants, the Complaint must *still* be dismissed for failure to state a claim.

In light of the arguments raised in the Motion, a temporary stay of discovery is warranted to conserve the Parties' and judicial resources and streamline the discoverable issues, if any. *See James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 353, 1367-68 (11th Cir. 1997); *Chevaldina v. Katz,* No. 17-22225, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017) ("Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law[,]" including lack of jurisdiction); *see also Mednax*, 2022 WL 10428229 (S.D. Fla. Oct. 9, 2021).

## FACTUAL ALLEGATIONS

Defendant's incorporate by reference the recitation of the factual allegations contained in the Defendants' Motion as if fully stated herein.

## STANDARD OF REVIEW

"District courts enjoy broad discretion in deciding how to best manage the cases before them." *Mednax*, 2021 WL 10428229, at *1 (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2021) and *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2022)). "Discovery . . . is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Chudasama*, 123 F.3d at 1367 (internal quotations omitted). Any "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Id.*; *see also World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 655 (11th Cir. 2012); *Taylor v. Serv. Corp. Int'l,* 2020 WL 6118779, at *3 (S.D. Fla. Oct. 16, 2020). As the Eleventh Circuit has explained:

> If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the party's complete discovery encourages abuse of discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . Allowing the case to proceed through pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of litigants in the action before the court, delay resolution of disputes . . . , [and] squander scare judicial resources[.]

*Chudasama*, 123 F.3d at 1367-68.

As this Court has held, "good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Lewis v. Mercedes-Benz, USA, LLC*, 2020

WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020) (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)). Indeed, even where a dispositive motion is only granted in part, a stay of discovery is appropriate where "it would substantially impact the viability of claims against one or more Defendants and drastically alter the scope of discovery." *Id.*; *see also Mednax*, 2021 WL 10828829, at *2 (citations omitted).

"In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Mednax*, 2021 WL 10428229, at *1 (quotations omitted). "This necessarily entails taking a preliminary peak at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id.* (quotations omitted). And where, as here, a temporary stay would allow the Court to "decide gateway issues of Article III standing," a stay is appropriate. *Taylor*, 2020 WL 6118779, at *2.

## LEGAL ARGUMENT

### POINT I

### THE MOTION TO DISMISS IS MERITORIOUS AND DISCOVERY SHOULD BE STAYED

As discussed at length in the Motion, the Complaint suffers from numerous fatal defects that require its dismissal. No Plaintiff has alleged facts to confer Article III standing, which is a threshold jurisdictional issue. Furthermore, every claim asserted in the Complaint fails on the merits for multiple reasons which are not likely to be cured through any amendments to the Complaint. Defendants' Motion fully sets forth the reasons why the Complaint should be dismissed. As the Court is required to take a "preliminary peak at the merits" of the Motion, Defendants set forth in brief the arguments raised in the Motion to demonstrate that the Motion is meritorious and discovery should be stayed.

-4-

-5-

**A.      The Complaint Must Be Dismissed For Lack of Standing**

The injuries alleged by Plaintiffs are legally insufficient to constitute an injury-in-fact. Even if Plaintiffs did sufficiently allege an injury-in-fact, these injuries still fail to meet the second element of standing as Plaintiffs fail to allege that any of these injuries are fairly traceable to any alleged conduct by NationsBenefits. Thus, Plaintiffs lack standing to bring suit. Given the significant defects in Plaintiffs' Complaint, a stay of discovery is warranted, until the Defendants' Motion is adjudicated.

Each Plaintiff relies upon a list of hypothetical or self-manufactured "harms" in an attempt to manufacture standing, while ignoring the fact that no Plaintiff has plausibly alleged any actual misuse of their information that is fairly traceable to the Incident or any alleged conduct of NationsBenefits. Generally, the Plaintiffs allege "persistent and ongoing threats of identity theft crimes, fraud, scams, and other misuses of their Private Information; ongoing monetary loss and economic harm . . .; loss of value of privacy and confidentiality of [their] Private Information; illegal sales of [their] Private Information; mitigation expenses and time spent on credit monitoring; identity theft insurance costs; credit freezes/unfreezes; expense and time spent on initiating fraud alerts and contacting third parties; decreased credit scores; lost work time; and other injuries.". *See* Compl. ¶¶ 17, 26, 30, 34, 38, 45, 50, 54, 58, 62, 66, 78, 86, 90, 94, 102, 106, 110, 114, 122. However, not one of these injuries are sufficient as a matter of law and not one of these injuries are traceable to NationsBenefits. *See* Motion, Section I(A).

The Eleventh Circuit and Supreme Court have made clear that risk of increased future harm, standing alone, is insufficient to confer Article III standing. *Tsao v. Captiva MVP Restaurant Partners, LLC*, 986 F.3d 1332, 1343 (11th Cir. 2021); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021); *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 889 (11th Cir.

2023).  Plaintiffs' alleged loss of privacy and confidentiality of their Private Information, loss of value of their Private Information, and increased time and costs spent in response to the Incident are insufficient to confer standing.  *See* Motion to Dismiss, Section I(A); *see also Mednax*, 603 F. Supp. 3d at 1204-05 (citations omitted); *Tsao*, 968 F.3d 1332 at 1344-45.  Plaintiffs' allegations of increased spam calls, text messages and emails as a result of the Incident and emotional distress suffered as a result of the Incident are equally insufficient.  *See* Motion to Dismiss, Section I(A).

While certain Plaintiffs also purport to allege actual misuse of their Private Information as a result of the Incident, these allegations fail the second prong of the standing requirement: traceability of any alleged misuse of their Private Information to the Incident or any alleged conduct of NationsBenefits.  *See In re Science Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litigation*, 45 F.Supp.3d 14, 32 (D.D.C. 2014) (denying standing on fairly traceable grounds for many named plaintiffs; "In a society where around 3.3% of the population will experience some form of identity theft – regardless of the source – it is not surprising that at least five people out of a group of 4.7 million happen to have experienced some form of credit or bank-account fraud."); *In re Community Health Sys., Inc.*, 2016 WL 4732630, at *12-13 (N.D. Ala. Sept. 12, 2016).

While the traceability element does not require that Defendants' alleged conduct be the "most immediate cause, or even a proximate cause of [P]laintiffs' injuries" (*Mednax*, 603 F.Supp.3d at 1197), it nonetheless requires a "logical explanation" (*In re VTech Data Breach Litig.*, 2017 WL 2880102, at *4 (N.D. Ill. Jul. 5, 2017)) as to how the alleged injuries are fairly traceable to the alleged conduct of the defendant that does not require an "ingenious academic exercise in the conceivable." *Hutton v. Nat'l Bd. of Examiners in Optometry*, 892 F.3d 613, 623 (4th Cir. 2018); *see also Preisler v. Eastpoint Recovery Grp., Inc.*, 2021 WL 2110794, at *6 (S.D.

Fla. May 25, 2021) ("The main inquiry is whether 'the line of causation between the illegal conduct and injury [is] to attenuated' to establish traceability.") (citations omitted). Plaintiffs have entirely failed to do so here.

In sum, for the reasons discussed briefly above and more fully in the Motion, it is clear that Plaintiffs lack standing to bring suit and the Complaint must be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1). For the same reasons, a stay of discovery pending a ruling on the Motion is warranted. Plaintiffs should not be able to pursue burdensome discovery on their twenty-five causes of action in the absence of an injury-in-fact that is fairly traceable to the Incident or any alleged conduct of NationsBenefits. *See Mednax*, 2021 WL 10482229, at *2 (collecting cases).

**B.     The Complaint Fails To State A Claim**

The Complaint also fails for the independent reason that Plaintiffs have failed to state a single viable cause of action. As set forth more fully in the Motion, the Complaint falls far short of adequately alleging the elements required to prevail on the claims they assert. *See* Motion, Section II. For example:

- Plaintiffs fail to state a claim for negligence as Plaintiffs fail to plausibly allege that NationsBenefits breached its duty to safeguard their Private Information.

- Plaintiffs may not rely on any alleged violations of HIPAA, the HIPAA Privacy Rule and Security Rule, HITECH and the FTC Act to support a negligence *per se* claim and, even if they had, Plaintiffs fail to allege any breach of these statutes.

- Plaintiffs fail to allege that NationsBenefits' contracts with its clients included Plaintiffs as direct and primary beneficiaries of these contracts, or that NationsBenefits breached these purported contracts.

- Plaintiffs fail to allege that they entered into implied contracts with NationsBenefits whereby NationsBenefits agreed to secure their Private Information.

- Plaintiffs did not provide their Private Information to NationsBenefits, and thus cannot state a claim for unjust enrichment.

- Plaintiffs may not seek injunctive relief because they have no reasonable expectation of future injury nor do they plausibly suggest that they are at any risk of further compromise of their Private Information.

- Each and every cause of action for violation of state law fail based on the nature of Plaintiffs' relationship(s) with NationsBenefits (or lack thereof), the allegations alleged in the Complaint, or the plain language of the statutes.

As set forth above (and in much greater detail in Defendants' Motion to Dismiss), the dispositive motion is both "clearly meritorious and truly case dispositive" because Defendants "raised multiple arguments that, if adopted by the Court, would dispose of the entire action" and the same or similar arguments have resulted in "the dismissal of nearly identical suits." *See Goldstein v. Costco Wholesale Corp.*, 2021 WL 2827757, at *1-2 (S.D. Fla. July 8, 2021); *see also Mednax*, 2021 WL 10428229, at *3 (quoting *Lewis*, 2020 WL 4923640, at *3); *Khan v. Bankunited, Inc.*, 2016 WL 478156, at *1 (M.D Fla. May 11, 2016) ("While discovery generally should not be stayed pending resolution of a motion to dismiss, a stay may be appropriate when its resolution will potentially narrow the scope of discovery in a case of this complexity and size"). Thus, a stay is warranted.

## POINT II

### STAYING DISCOVERY CAUSES NO HARM OR PREJUDICE TO PLAINTIFFS BUT WILL PREVENT SIGNIFICANT UNDUE BURDEN ON DEFENDANTS

A stay is also warranted because the burden on Defendants to respond to Plaintiffs'

discovery far outweighs any risk of potential harm to Plaintiffs caused by a short delay pending resolution of Defendants' Motion. *See Taylor*, 2020 WL 6118779, at *1 (court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery").

It is Defendants' position that the Complaint is fatally deficient and should be dismissed in its entirety. However, "if the Motion to Dismiss were granted—even in part—it would substantially impact the viability of claims . . . and drastically alter the scope of discovery." *Mednax*, 2021 WL 10828229, at *2 (citing *Lewis*, 2020 WL 4923640, at *2). Stays of discovery have been granted in complex cases like the instant case because discovery "has the potential to consume vast resources." *In re Managed Care Litig.*, No. 1334, 00-1134-MD, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001); *see also Khan*, 2016 WL 4718156, at *1.

This Court has often concluded that preservation of resources warrants a brief stay of discovery where a dispositive motion has the potential to limit the claims. *See Lewis*, 2020 WL 4923640, at *4 (granting motion to stay discovery because defendants "should not be forced to expend substantial resources answering discovery given the jurisdictional and facial challenges pending before the Court" and recognizing that staying discovery will "prevent extensive and expensive discovery from going forward until the Court is able to effectively determine the validity of Plaintiffs' claims"); *Taylor*, 2020 WL 6118779, at *4 (same); *Gibson v. Lynn Univ., Inc.*, 2020 WL 6700448, at *2 (S.D. Fla. Oct. 29, 2020) (granting a motion to stay "having balanced the minimal harm produced by a brief delay in discovery in this case against the possibility that the Motion to Dismiss will be granted and eliminate the need for discovery"); *Point Conversions, LLC v. Lopane*, 2020 WL 6700236, at *2 (S.D. Fla. Oct. 29, 2020) (granting a motion to stay because defendant raised "serious questions regarding the viability of Plaintiff's Complaint that must be

resolved before Defendant is burdened with discovery and other pretrial obligations").

In the Complaint, Plaintiffs assert twenty-five causes of action, stemming in both common law and statute, on behalf of numerous putative class members, including both on behalf of a nationwide class and state subclasses. The burden of participating in discovery on each of these claims overwhelmingly and disproportionately falls on Defendants, as Defendants will be required to expend significant time, effort and resources to collect, review, and produce large amounts of electronic data, prepare interrogatories and requests for production for each of the named Plaintiffs and respond to same, and prepare for and take/defend depositions. If the Complaint is dismissed, as it should be for the reasons stated in the Motion, these efforts will be meaningless, as will the costs that Defendants incur in connection with same. Even if a portion of the Complaint survives, whether one or more of the Plaintiffs are found not to have Article III standing, or whether one or more of the causes of action are dismissed, these efforts will still be meaningless as they will not be appropriately tailored to the scope of the operative claims. The undue burden to Defendants warrants a stay pending a ruling on the Motion. *Mednax*, 2021 WL 10428229, at *2.

On the other hand, Plaintiffs will suffer no harm if discovery is stayed because, even assuming the case proceeds after the Motion, "Plaintiff[s] will have ample opportunity to conduct discovery." *See Goldstein*, 2021 WL 2827757, at *2. Indeed, the benefits of a stay are not unilateral – Plaintiffs will also benefit from a stay of discovery, since they will avoid time, effort, and costs associated with conducting discovery in a case that asserts no viable claim. Finally, any stay of discovery is likely to be brief, as the Court indicated at the last status conference that it intends to rule promptly on the Motion.

## CONCLUSION

As this Court stated in *Mednax*, a case substantially similar to the case at bar, Defendants

"should not be forced to expend substantial resources responding to discovery given the jurisdictional and facial challenges pending before the Court. Temporarily staying discovery at this juncture will not create case management obstacles nor delay the prosecution of this case. Indeed, such a stay is merely designed to prevent extensive and expensive discovery from going forward until the Court is able to effectively determine the validity of Plaintiffs' claims[.]" 2021 WL 10428229, at *3. For the reasons set forth above, the Court should stay discovery until the resolution of Defendants' Motion to Dismiss.

Dated:          October 6, 2023

Respectfully Submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

*/s/ Joseph Salvo*
Joseph Salvo (*pro hac vice*)
Brian Middlebrook  (*pro hac vice*)
John T. Mills (*pro hac vice*)
Thomas R. Fanizzi, Jr. (*pro hac vice*)
One Battery Park Plaza, 28th Floor
New York, New York 10004
Tel: (212) 269-5500
Fax: (212) 269-5505
jsalvo@grsm.com
bmiddlebrook@grsm.com
jtmills@grsm.com
tfanizzi@grsm.com

Joseph A. Sacher (FBN 174920)
Miami Tower, Suite 3900
100 SE Second Street
Miami, Florida 33131
Tel: (305) 428-5339
Fax: (877) 634-7245
jsacher@grsm.com

*Attorneys for Defendants*

-12-

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ John Mills
John T. Mills (*pro hac vice*)