**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 23-CV-60830-RAR (consolidated)**

**ARIANA SKURASKIS**, *et al.*, *on behalf of*
*themselves and all others similarly situated*,

      Plaintiffs,

  v.

**NATIONSBENEFITS HOLDINGS, LLC**, *et al.*,

      Defendants

_____/

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION
TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT AND PENDING
RULING ON DEFENDANTS' MOTION PURSUANT TO 28 U.S.C. § 1407**

Defendants NATIONSBENEFITS, LLC and NATIONSBENEFITS HOLDINGS, LLC (collectively, "NationsBenefits" or "Defendants") respectfully submit this reply in further support of their motion to stay all discovery in this action pending the Court's ruling on Defendants' Motion to Dismiss the Consolidated Class Action Complaint ("Complaint") ("Motion to Dismiss") and stay this action pending a ruling from the Judicial Panel on Multidistrict Litigation on Defendants' Motion pursuant to 28 U.S.C. § 1407 ("1407 Motion").  For the reasons set forth herein, Defendants' motion should be granted.

**PRELIMINARY STATEMENT**

Plaintiffs' Opposition to Defendants' motion to stay largely hinges on Plaintiffs' belief that Defendants are unlikely to prevail on their Motion to Dismiss seeking to dismiss the Complaint in its entirety, and that Plaintiffs will somehow be prejudiced if discovery were stayed pending a ruling on the Motion to Dismiss.  However, as set forth more fully herein, Plaintiffs grossly

misstate the applicable legal standard and improperly ask the Court to make a determination on Defendants' Motion to Dismiss and determine that a stay is not warranted here. Contrary to Plaintiffs' arguments, established case law supports that a temporary stay of discovery is warranted to conserve the Parties' and judicial resources and streamline the discoverable issues, if any.

Moreover, separate grounds exist for staying this matter in light of Defendants' 1407 Motion, which was filed on October 16, 2023. While stays pending resolution of a motion to consolidate and transfer before the JPML are also within the Court's discretion, these stays are frequently and more liberally granted in the context of a motion seeking relief pursuant to 28 U.S.C. § 1407, which is the case here. As set forth more fully herein, for reasons similar to staying discovery in this action pending resolution of the Motion to Dismiss, the Court should also stay this matter in its entirety pending a ruling on Defendants' 1407 Motion.

### STANDARD OF REVIEW

The standard of review applicable to the instant motion is set forth more fully in Defendants' Opening Memorandum. *See* Dkt. No. 60. However, Plaintiffs' Opposition argues that Defendants contend that the mere filing of a motion to dismiss warrants a stay of discovery. *See* Dkt. No. 62 at pp. 3-5. A plain reading of Defendants' Opening Memorandum reveals that this is not the case. *See* Dkt. No. 60. Rather, "good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Lewis v. Mercedes-Benz, USA, LLC*, 2020 WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020) (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)). Indeed, even where a dispositive motion is only granted in part, a stay of discovery is appropriate where "it would substantially impact the viability of claims against one or more Defendants and drastically alter the scope of discovery." *Id.*; *see also In re Mednax Servs. Inc. Customer Data Sec. Breach Litig.*, 2021 WL 10428229, at *2 (S.D. Fla. Oct. 19, 2021)

(citations omitted).  Defendants have made such a showing here, and Defendants' motion to stay discovery pending a ruling on their Motion to dismiss should be granted.

While similar, the applicable standard is slightly different for a motion to stay discovery pending a ruling on Defendants' 1407 Motion.   "When considering a motion to stay a case while a motion to consolidate is pending before the JPML, the Court may consider: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party of the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Toback v. GNC Holdings, Inc.*, 2013 WL 5588251, at *1 (S.D. Fla. Oct. 10, 2013) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).  "The court may also consider whether it believes a consolidation order is likely." *Id.* (quotations omitted).  Courts "frequently grant stays" pending the JPML's determination on whether to consolidate and transfer cases. *See Ephraim v. Abbott Laboratories, Inc.*, 601 F. Supp. 3d 1274, 1275 (S.D. Fla. 2022) (quotations/citations omitted).  Defendants have made such a showing here, and the case should be stayed in its entirety pending resolution of Defendants' 1407 Motion.

## LEGAL ARGUMENT

### POINT I

#### THE MOTION TO DISMISS IS MERITORIOUS AND DISCOVERY SHOULD BE STAYED

As set forth in Defendants' Opening Memorandum, Defendants' Motion to Dismiss has "raised multiple arguments that, if adopted by the Court, would dispose of the entire action" and the same or similar arguments have resulted in "the dismissal of nearly identical suits." *See Goldstein v. Costco Wholesale Corp.*, 2021 WL 2827757, at *1-2 (S.D. Fla. July 8, 2021); *see also Mednax*, 2021 WL 10428229, at *3 (quoting *Lewis*, 2020 WL 4923640, at *3); *Khan v. Bankunited, Inc.*, 2016 WL 478156, at *1 (M.D Fla. May 11, 2016) ("While discovery generally

should not be stayed pending resolution of a motion to dismiss, a stay may be appropriate when its resolution will potentially narrow the scope of discovery in a case of this complexity and size"). Thus, a stay of discovery pending resolution of Defendants' Motion to Dismiss is warranted.

Unsurprisingly, Plaintiffs' Opposition disagrees with the merits of Defendants' Motion to Dismiss. Plaintiffs essentially ask this Court to pre-judge Defendants' Motion to Dismiss in determining the instant motion to stay. But that is not the standard that this Court must apply in determining the instant motion. Rather, the Court must determine whether Defendant has raised an argument that *could* dispose of the Complaint in its entirety. Defendants have clearly done so here, and Plaintiffs' arguments to the contrary are unavailing.

**A.     The Complaint Must Be Dismissed For Lack of Standing**

As set forth more fully in the Motion to Dismiss, the injuries alleged by Plaintiffs are legally insufficient to constitute an injury-in-fact and, even if they did, these injuries still fail to meet the second element of standing as Plaintiffs fail to allege that any of these injuries are fairly traceable to any alleged conduct by NationsBenefits. In Opposition to the instant motion, Plaintiffs first argue that their allegations of future risk of identity theft and financial harm are sufficient to confer standing. However, Plaintiffs ignore the fact that the Eleventh Circuit and Supreme Court have made clear that risk of increased future harm, standing alone, is insufficient to confer Article III standing. *Tsao v. Captiva MVP Restaurant Partners, LLC*, 986 F.3d 1332, 1343 (11th Cir. 2021); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021); *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 889 (11th Cir. 2023).

Plaintiffs next argue that their actual injuries are fairly traceable to Defendants' actions and the Incident. However, this argument again misses the mark, as Plaintiffs offer no "logical explanation" (*In re VTech Data Breach Litig.*, 2017 WL 2880102, at *4 (N.D. Ill. Jul. 5, 2017)) as

to how the alleged injuries are fairly traceable to the alleged conduct of Defendants or the Incident that does not require an "ingenious academic exercise in the conceivable." *Hutton v. Nat'l Bd. of Examiners in Optometry*, 892 F.3d 613, 623 (4th Cir. 2018); *see also Preisler v. Eastpoint Recovery Grp., Inc.*, 2021 WL 2110794, at *6 (S.D. Fla. May 25, 2021) ("The main inquiry is whether 'the line of causation between the illegal conduct and injury [is] to attenuated' to establish traceability.") (citations omitted).

By way of example, several of the Plaintiffs allege actual misuse of certain information that was not potentially impacted in the Incident, nor do Plaintiffs allege *how* the information potentially impacted in the Incident could have been used to perpetrate the alleged actual misuse. *See* Motion to Dismiss, Section II(B)(1).  Indeed, the vast majority of these Plaintiffs only had health insurance related information potentially impacted in the Incident, not Social Security numbers. *See id.*  Yet, Plaintiffs ask the Court to make the illogical conclusion that somehow their health insurance information could have been used to access their financial information.  This is nothing more than sheer speculation and insufficient to meet the liberal pleading requirements to demonstrate the necessary element of traceability.

While the traceability element does not require that Defendants' alleged conduct be the "most immediate cause, or even a proximate cause of [P]laintiffs' injuries" (*Mednax*, 603 F.Supp.3d at 1197), it nonetheless requires pleading some plausible connection, and it is clear that Plaintiffs have entirely failed to do so here.  *See In re Science Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litigation*, 45 F.Supp.3d 14, 32 (D.D.C. 2014) (denying standing on fairly traceable grounds for many named plaintiffs; "In a society where around 3.3% of the population will experience some form of identity theft – regardless of the source – it is not surprising that at least five people out of a group of 4.7 million happen to have experienced some form of credit or

bank-account fraud."); *In re Community Health Sys., Inc.*, 2016 WL 4732630, at \*12-13 (N.D. Ala. Sept. 12, 2016).  Thus, a stay of discovery pending a ruling on the Motion to Dismiss is warranted.  *See Mednax*, 2021 WL 10482229, at \*2 (collecting cases).

**B.      The Complaint Fails To State A Claim**

The Complaint also fails for the independent reason that Plaintiffs have failed to state a single viable cause of action.  In Opposition to the instant motion, Plaintiffs arguably concede that the vast majority of the twenty-seven (27) causes of action alleged in the Complaint are insufficiently pled, instead choosing solely to focus on their negligence claim.  *See* Opposition at pp. 7-8.  This, in and of itself, is sufficient to grant Defendants' motion and stay discovery pending resolution of the Motion to Dismiss.  *See Mednax*, 2021 WL 10482229, at \*2 (collecting cases).

Plaintiffs' Opposition primarily argues that, at the very least, the negligence claim is sufficiently pled, as "NationsBenefits[ had a] clear responsibility under Florida law to monitor its serve providers and vendors to ensure their compliance with security safeguards[.]"  Opposition at p. 7 (citing *Farmer v. Humana, Inc.*, 582 F. Supp. 3d 1176, 1186 (M.D. Fla. 2022)).  However, *Farmer* stands for the proposition that the duty to ensure that a third-party vendor has adequate security does *not* extend to "a duty to oversee the operations of the third-party vendor," and is limited to "reasonably ensuring that the third-party [vendor that Defendants] contracted with had adequate data security."  *Farmer*, 582 F. Supp. 3d at 1186 (quoting *In re Am. Med. Collection Agency, Inc. Data Sec. Breach Litig.*, 2021 WL 5937742, at \*15 (D.N.J. Dec. 16, 2021)) (internal quotations omitted).  Plaintiffs make no such allegation here, and indeed the allegations in the Complaint make the implausible suggestion that the Incident was somehow the result of Defendants' allegedly deficient data security practices.  *See, e.g.*, Compl. ¶ 42.

Even if the negligence claim might survive Defendants' Motion to Dismiss (which

Defendants do not concede), the failures of the remaining twenty-six (26) causes of action alleged in the Complaint, as set forth more fully in the Motion to Dismiss and Defendants' Opening Memorandum, is sufficient to warrant a stay of discovery during the pendency of the Motion to Dismiss. *See Mednax*, 2021 WL 10482229, at *3.

## POINT II

### STAYING DISCOVERY CAUSES NO HARM OR PREJUDICE TO PLAINTIFFS BUT WILL PREVENT SIGNIFICANT UNDUE BURDEN ON DEFENDANTS

Just like the defendant in *Mednax*, Plaintiffs' Opposition here primarily focuses on the argument that Defendants have not demonstrated that proceeding with discovery will cause any undue burden and, to the contrary, that a stay of discovery will prejudice Plaintiffs. *See* Opposition at pp. 8-10; *see also Mednax*, 2021 WL 10482229, at *1 (rejecting the plaintiffs' argument that the defendants' motion to stay "does not establish that commencing discovery at this juncture would lead to undue burdensomeness."). Plaintiffs ignore Your Honor's holding in *Mednax*, which squarely rejects this argument. *See Mednax*, 2021 WL 10482229, at *1.

Defendants' Opening Memorandum clearly articulates the burden that Defendants would be faced with if discovery were to proceed during the pendency of their Motion to Dismiss. To wit, Defendants will be required to expend significant time, effort and resources to participate in discovery efforts while their Motion to Dismiss is pending. As Your Honor succinctly stated in *Mednax*, "if the Motion to Dismiss were granted—even in part—it would substantially impact the viability of claims . . . and drastically alter the scope of discovery." 2021 WL 10828229, at *2 (citing *Lewis*, 2020 WL 4923640, at *2). Plaintiffs generally categorize the Complaint as focusing on Defendants' data security practices that allegedly led to the Incident. *See* Opposition at p. 8. While this may be true, each and every one of the causes of action alleged in the Complaint will require different aspects of discovery. By way of example, the negligence cause of action will

focus on Defendants' alleged general duty of care, while the negligence *per se* action will focus on the provisions of HIPAA, HITECH and the FTC Act.  The discovery as to the negligence claims will differ from any potential discovery on Plaintiffs' contractual claims.  More importantly, any potential discovery as to the state law causes of action will be based on different acts, omissions, or conduct of NationsBenefits dependent on the specific requirements of the applicable statutes and the conduct prohibited thereunder.

While each and every cause of action asserted in the Complaint fails to state a claim and the Complaint should be dismissed in its entirety, should any portion of the Complaint survive the Motion to Dismiss, the undue burden on Defendants warrants a stay of discovery while Defendants' Motion to Dismiss is pending.  Indeed, the instant case is distinguishable from *Vechten*, cited in Plaintiffs' Opposition, where the Court expressly held that there was nothing in the defendants' motion to stay that demonstrated that "discovery in this case will turn especially burdensome."  Opposition at p. 9 (quoting *Vechten v. Elenson*, 2012 WL 12978270, at *1 (S.D. Fla. Jul. 20, 2012).  In *Vechten*, the court was faced with an action arising from an estate sale wherein the defendants allegedly stole valuable objects from the plaintiffs' home. *See Van Vechten v. Elenson*, 920 F. Supp. 2d 1284, 1287 (S.D. Fla. 2013).  This is much different from the case at bar, which involves a complex data breach putative class action involving twenty-six (36) Plaintiffs/putative class representatives alleging twenty-seven (27) materially different causes of action.  Stays of discovery have been granted in complex cases like the instant case because discovery "has the potential to consume vast resources." *In re Managed Care Litig.*, No. 1334, 00-1134-MD, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001); *see also Khan*, 2016 WL 4718156, at *1.  The undue burden to Defendants warrants a stay pending a ruling on the Motion. *Mednax*, 2021 WL 10428229, at *2; *see also Lewis*, 2020 WL 4923640, at *4.

Plaintiffs' conclusory argument that they will be prejudiced if discovery is delayed is also insufficient. *See* Opposition at p. 10. Plaintiffs claims that "every day that passes without the requested injunctive relief is another day that Plaintiffs' [] Private Information remains vulnerable to additional unauthorized disclosures." *Id.* However, as set forth in Defendants' Motion to Dismiss, this argument is perplexing as there are no allegations in the Complaint which suggest that Plaintiffs are at *any* risk of further compromise of their Private Information, particularly where the Incident impacted Fortra's systems, and not NationsBenefits. *See* Motion to Dismiss, Section II(F). This argument is also disingenuous – had Plaintiffs been concerned about their Private Information being subject to additional unauthorized disclosures, there are numerous resources available to them to mitigate against same. "Temporarily staying discovery at this juncture will not crease case management obstacles not delay the prosecution of this case[,]" (*Mednax*, 2021 WL 10428229, at *3) and Plaintiffs' arguments to the contrary are unavailing as, should any portion of the Complaint survive Defendants' Motion to Dismiss, "Plaintiff[s] will have ample opportunity to conduct discovery." *See Goldstein*, 2021 WL 2827757, at *2. Moreover, Plaintiffs ignore that they, too, will benefit from a stay, as set forth in Defendants' Opening Memorandum. Thus, for the reasons set forth above, the Court should stay discovery until a ruling on Defendants' Motion to Dismiss.

## POINT III

### THIS MATTER SHOULD BE STAYED PENDING DEFENDANTS' 1407 MOTION

Additionally, separate grounds exist for staying this matter in its entirety pending a ruling on Defendants' 1407 Motion, which was filed on October 16, 2023. As discussed above, these stays are "frequently grant[ed,]" and require that Defendants show lack of prejudice to Plaintiffs, hardship or inequity on Defendants in the absence of a stay, and conservation of judicial resources

which favors a stay.  *See Toback*, 2013 WL 5588251, at *1 (citations omitted); *see also Ephraim*, 601 F. Supp. 3d at 1275 (quotations/citations omitted).  Defendants have clearly done so here.

**A.      Plaintiffs Will Not Be Prejudiced By A Stay**

For reasons similar to those set forth above, "Plaintiff[s] will not be prejudiced by a brief, albeit indeterminate, stay of this case[]" while the 1407 Motion is pending.  *Ali v. 7-Eleven, Inc.*, 2022 WL 731665, at *2 (S.D. Fla. Mar. 10, 2022).  Defendants' 1407 Motion was filed on October 16, 2023, and the 1407 Motion will be fully briefed by November 16, 2023.  *See In re: Fortra File Transfer Software Data Sec. Breach Litig.*, MDL No. 3090, Dkt. No. 4.  While oral argument on Defendants' 1407 Motion has not yet been scheduled, Defendants anticipate that oral argument will be held at the next oral argument session before the JPML, anticipated to be held in early 2024, or will be decided without oral argument in early 2024.  At that juncture, this case will still be in its infancy, as the Court has indicated at prior status conferences that it anticipates ruling on Defendants' Motion to Dismiss in that same time frame.  Thus, the lack of prejudice to Plaintiffs favors a stay of this matter pending the 1407 Motion.  *See Ali*, 2022 WL 731665, at *2; *see also Kline v. Earl Stewart Holdings, LLC*, 2010 WL 3432824, at *1 (S.D. Fla. Aug. 20, 2010)[1]; *Suarez v. Abbot Laboratories Inc.*, 2022 WL 1314367, at *2 (S.D. Fla. May 2, 2022) (citing *Gray v. Target Corp.*, 2014 WL 12600138, at *2 (S.D. Fla. Jan. 27, 2014)).

**B.      Defendants Will Suffer Hardship and Inequity Absent A Stay**

Again, for reasons similar to those set forth above, Defendants will also suffer hardship and inequity if a stay of this action is not entered.  "The purpose of MDLs is to consolidate and coordinate pretrial proceedings and avoid duplicative pretrial litigation, to the benefit of all parties."  *Ali*, 2022

---

[1] Indeed, much like the plaintiffs in *Kline*, Plaintiffs here have arguably "purposely dropped the real defendant in interest," Fortra, "to support its opposition to transfer to the MDL court[.]"  *Kline*, 2010 WL 3432824, at *1.

WL 731665, at *2 (citing *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 339 F.R.D. 669, 685 (S.D. Fla. 2021)). "Staying this case pending the JPML's decision on a transfer of this matter to MDL No. [3090] will eliminate any possibility of inconsistent rulings and duplicative litigation, thereby lessening any prejudice to the parties." *Id.*

## C.    Conservation of Judicial Resources Favors A Stay

Lastly, the conservation of judicial resources favors a stay. *Ali*, 2022 WL 731665, at *2. This Court has consistently held that "it is a waste of judicial resources to proceed with a case when the JPML is considering the consolidation of cases in an MDL." *Id.* (quoting *Gray*, 2014 WL 12600138, at *2 (internal quotations omitted) and citing *Pulley v. JPMorgan Chase Bank, N.A.*, 2012 WL 2838677, at *1 (S.D. Fla. Jul. 10, 2012)). Such is the case here, and this Court should not expend judicial resources in this matter when the JPML is presently considering Defendants' 1407 Motion to consolidate and transfer this case to the District of Minnesota.

## D.    Consolidation and Transfer Are Likely

While not required in order to stay this action pending Defendants' 1407 Motion, "[t]he court may also consider whether it believes a consolidation order is likely." *Toback*, 2013 WL 5588251, at *1 (quotations omitted). Here, Defendants' 1407 Motion raises the likelihood that the cases filed against Fortra and its end users, including NationsBenefits, will be consolidated and transferred to the District of Minnesota. *See In re: Fortra File Transfer Software Data Sec. Breach Litig.*, MDL No. 3090, Dkt. No. 1. Most notably, just this month the JPML consolidated and transferred several similarly situated cases involving a different file transfer software provider who experienced a data seucirty incident (like Fortra). *See In re MOVEit Customer Data Sec. Breach Litig.*, MDL No. 3083, 2023 WL 6456749, at *2 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2023). As set forth in Defendants' 1407 Motion, the cases involving the Fortra Incident, including the instant case, present strikingly similar

circumstances to the MOVEit litigations, thus making a consolidation order likely and favoring a stay of this matter until a ruling on Defendants' 1407 Motion. *See, e.g.*, *Bonenfant v. R.J. Reynolds Tobacco Co.*, 2007 WL 2409980, at \*1 (S.D. Fla. Jul. 31, 2007) (granting stay pending 1407 motion where "the Court [found] it likely that the JPML will enter an order transferring the above-styled cause.").

## CONCLUSION

In sum, for the reasons set forth above and more fully in Defendants' Opening Memorandum, the Court should stay discovery until the resolution of Defendants' Motion to Dismiss or, alternatively, stay this matter in its entirety pending resolution of Defendants' 1407 Motion.

Respectfully submitted this 27th day of October 2023.

Respectfully Submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

*/s/ Joseph Salvo*
Joseph A. Sacher (FBN 174920)
Miami Tower, Suite 3900
100 SE Second Street
Miami, Florida 33131
Tel: (305) 428-5339
Fax: (877) 634-7245
jsacher@grsm.com

Joseph Salvo (*pro hac vice*)
Brian Middlebrook (*pro hac vice*)
John T. Mills (*pro hac vice*)
Thomas R. Fanizzi, Jr. (*pro hac vice*)
One Battery Park Plaza, 28th Floor
New York, New York 10004
Tel: (212) 269-5500
Fax: (212) 269-5505
jsalvo@grsm.com
bmiddlebrook@grsm.com
jtmills@grsm.com
tfanizzi@grsm.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Joseph Salvo*
Joseph Salvo

-13-